UNITED STATES of America,
Plaintiff-Appellee,

v.

Melquiades SANTIAGO,
Defendant-Appellant.

No. 85–3240.

United States Court of Appeals,
Seventh Circuit.

Argued June 13, 1986.

Decided Aug. 13, 1986.

Sheldon Nagelbert, Chicago, Ill., for defendant-appellant.

Stephen Heinze, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, POSNER, Circuit Judge, and GORDON, District Judge.[*]

MYRON L. GORDON, District Judge.

Appellant Melquiades Santiago was convicted in the district court of one count of conspiracy and two counts of unlawful possession of matter stolen from the mails, in violation of 18 U.S.C. § 1708. This appeal raises claims of prosecutorial misconduct and the wrongful admission of the statements of a co-conspirator. We affirm.

Appellant was charged in an indictment along with 14 other people with participating in a scheme to obtain, alter, and cash checks which had been stolen from the

The Honorable Myron L. Gordon, Senior District Judge for the United States District Court for the Eastern District of Wisconsin, is sitting by designation.

mail. The specific charges against him were set forth in three counts: count 17 of the indictment charged appellant with the unlawful possession of a stolen check on April 27, 1983; count 21 charged him with unlawfully possessing a stolen check on May 6, 1983; count 29 charged him with unlawfully possessing a stolen check on June 3, 1983. Appellant was acquitted on count 17 and convicted on the other two counts.

One of those indicted with appellant was Rita Rosales. Ms. Rosales testified against appellant pursuant to her plea agreement with the government. She testified that she began cashing stolen checks in cooperation with appellant and others during the spring of 1983. She specifically implicated appellant in the disposition of the checks charged in counts 17 and 21. Ms. Rosales also testified that appellant brought stolen checks to her three or four times during 1983.

On cross-examination, Ms. Rosales conceded that her testimony on direct examination varied somewhat from her testimony before the grand jury. Before the grand jury, Ms. Rosales had read a written statement indicating that her involvement with appellant in the conspiracy did not begin until July 1983. Thus, according to her grand jury testimony, Ms. Rosales did not enter the conspiracy until after the offenses attributed to appellant in counts 17, 21, and 29 had occurred. Appellant also argues that portions of the indictment itself and the testimony of the government's fingerprint expert show that Ms. Rosales was not involved with the appellant in the conspiracy until after the offenses attributed to him had been completed.

▆ Citing Ms. Rosales' conflicting statements and uncorroborated testimony at trial concerning the date that she began participating in the conspiracy, Mr. Santiago charges the prosecutor with misconduct resulting in a denial of his right to a fair trial. His theory is that the prosecutor knew or should have known that Ms. Rosales testified falsely against him at trial

and that he failed in his constitutional duty to disclose or correct her false testimony.

To support a claim of prosecutorial misconduct, appellant must show that the government deliberately used false testimony to obtain his conviction. *See California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984), *citing Napue v. Illinois*, 360 U.S. 264, 269–72, 79 S.Ct. 1173, 1177–79, 3 L.Ed.2d 1217 (1959); *Holleman v. United States*, 721 F.2d 1136, 1138 (7th Cir.1983). No such showing has been made in this case. The fact that Ms. Rosales' testimony at trial varied from her statement before the grand jury, or from other evidence in the record, does not in and of itself establish that she testified falsely at trial, much less that the prosecutor knew or reasonably should have known that she testified falsely. Even if Ms. Rosales lied under oath as to the date she joined the charged conspiracy, the prosecution is not "strictly liable" for her perjury. In any case appellant does not contend that Ms. Rosales lied about appellant's involvement in the conspiracy, only her own.

Appellant rests his challenge on allegations that Ms. Rosales' testimony raised serious questions as to her credibility, questions which should have induced the prosecutor to refrain from calling her as a witness. However, the prosecutor does not vouch for the veracity of every statement made by a witness. Defense counsel was able to cross-examine Ms. Rosales and thus had an ample opportunity to impeach and discredit her testimony. Ms. Rosales had credibility problems which were matters for the jury to resolve. The record simply does not support Mr. Santiago's accusation that the prosecutor failed in his "constitutional obligation to report to the defendant and to the trial court [that his witness] lie[d] under oath." *Trombetta, supra*, 467 U.S. at 485, 104 S.Ct. at 2532.

The district judge labeled Mr. Santiago's claim of prosecutorial misconduct as "reckless." The allegations supporting the appellant's charge are entirely conclusory and unsubstantiated. He has failed to identify

with any particularity how or where the prosecutor's conduct at trial deviated from acceptable standards of practice. His vague contentions are simply insufficient to ascribe to the prosecutor any possible blame for obtaining his conviction via the knowing use of false testimony.

■ Another of those indicted with appellant was Rosa Aillon. Ms. Aillon testified against appellant pursuant to a plea agreement with the government. Appellant argues that by introducing Ms. Aillon's inculpatory testimony without warning, the prosecutor violated a "gentleman's agreement" to provide defense counsel with advance notice if it intended to make a "Santiago proffer." In *United States v. Santiago,* 582 F.2d 1128 (7th Cir.1978), the court held that the responsibility for determining the admissibility of a co-conspirator's adverse declaration rests with the trial judge. Thus, with regard to Ms. Aillon's testimony, the appellant implies misconduct on the part of the prosecutor in violating the alleged "gentleman's agreement" and also that there was an evidentiary error by the district judge in admitting Ms. Aillon's testimony.

The suggestion that there was prosecutorial misconduct in the presentation of Ms. Aillon's testimony is without merit. Appellant has failed to articulate with sufficient clarity the basis for such a claim, and we can discern none ourselves. Appellant properly invoked *Santiago* by calling for a preliminary determination by the district judge of Ms. Aillon's competence to give co-conspirator testimony against him. Appellant now appeals from Judge Marshall's ruling. Allegations of prosecutorial misconduct stemming from counsel's unsuccessful bid to suspend trial for a *Santiago* inquiry into Ms. Aillon's competence are unwarranted.

■ The evidentiary error alleged is also without merit. The testimony of Ms. Aillon and Ms. Rosales at trial is excluded from the hearsay rule because they were offering the statements of co-conspirators made during the course of and in further-

ance of the conspiracy. Rule 801(d)(2)(E), Federal Rules of Evidence.

The challenged testimony consisted of an exchange between appellant and his brother, Luis Santiago, who was also charged as a co-conspirator. Ms. Aillon and Ms. Rosales overheard the brothers arguing over the disposition of the proceeds of a stolen check. As co-conspirators charged in the same indictment with appellant, Ms. Aillon and Ms. Rosales were competent to report the contents of what they overheard other co-conspirators say to each other, to the extent that the statements they heard were made in the course of and in furtherance of the charged conspiracy. The record leaves no doubt that the statements heard and reported were so made. The Aillon and Rosales testimony thus was properly admitted over objection.

For the foregoing reasons, the appellant's conviction is AFFIRMED.